# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERRI BRADSHAW, BLAKE BRADSHAW SHANE SHILLING, SWVWL Inc.**
    Plaintiff,

v.

**THE WEST VIRGINIA DEPARTMENT OF NATURAL RESOURCES, SERGEANT JEFF CRAIG and CAPTAIN DOUGLAS BENSON. Kelly Morgan esq of Bailey & Wyant PLLC**
    Defendants.

CASE NO: 2:21cv21

FILED

AUG 16 2021

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

## COMPLAINT

COMES NOW, Plaintiff, Terri Bradshaw, Blake Bradshaw, Shane Shilling, Pro Se for their Complaint against the Defendants, state:

1. Plaintiff, Terri D. Bradshaw, Blake Bradshaw, Shane Shilling were and had been a resident of Pocahontas County at 5207 Denmar Road, Hillsboro, West Virginia, 24946 at all times relevant hereto;

2. The West Virginia Department of Natural Resources (hereinafter "WVDNR") is the State entity with the responsibility for providing a comprehensive program for the conservation, development, protection and management of the state's fish and wildlife resources and to that end employs agents to enforce the state's laws and its own rules and regulations;

3. Defendant, Sergeant Jeff Craig, (hereinafter "Craig"), is a citizen and resident of West Virginia, and is an agent of the Department of Natural Resources with responsibilities in Pocahontas County, West Virginia;

4. Defendant Captain Douglas Benson (hereinafter "Benson"), is a citizen and resident of West Virginia, and is also an agent of the Department of Natural Resources with responsibilities in Pocahontas County, West Virginia;

5. Venue is proper because all of the actions that give rise to this Complaint occurred in Pocahontas County, West Virginia;

6. Jurisdiction is appropriate because the amount in controversy exceeds the jurisdictional minimums of this Court and the issues are questions of State law;

## COUNT I – TRESPASS

7. On or about August 22, 2019, Benson and Craig entered the property upon which the Plaintiff's home and business are located at 5207 Denmar Road, Hillsboro, West Virginia, 24946.

8. The Defendants were aware of and had knowledge that the Plaintiff was operating under an Omnibus Settlement Agreement entered into by the DNR with the property owner, Joel Rosenthal, and Point of View Farms, Inc. as either the Executive Director and/or the Vice-President of Point of View Farms;

9. Ms. Bradshaw already held her federal license / 501c3 status under the law for SWVWL (Saving WV Wildlife).

10. The Defendants waited for the Plaintiff to leave and then proceeded to search the property, entering buildings, going up on the porch, looking through windows and around the back of the property; They claim Mr. Rosenthal gave them permission.

11. The Defendants were aware that the Plaintiff was not at home, nor was anyone on the property, to give them permission to remain on the property much less search and/or enter buildings and other areas of the property;

12. On or about August 29, 2019, both Defendants returned to Ms. Bradshaw's home and asked to speak to her about her business;

13. During that meeting they informed Ms. Bradshaw that they were attempting to keep animals out of the hands of Joel Rosenthal and Point of View Farms despite being aware of the Omnibus Settlement Agreement entered into by the West Virginia Department of Natural Resources with Mr. Rosenthal and Point of View Farms in 2008;

14. Captain Benson informed Ms. Bradshaw As long as she was on the property there would be no actions taken against her.

15. The Defendants took that opportunity to also look around the property and view all of her operation and everything she was involved in, no citations were issued and no threats were made to her or her business; Ms. Bradshaw was told they would do nothing as long as she was on this property.

## COUNT II-SPOLIATION OF EVIDENCE

16. Plaintiff hereby realleges Paragraphs 1 through 15 as though fully set forth herein;

17. On or about November 12, 2019, Defendant Craig, in his capacity as an agent of the DNR, went before Magistrate Cynthia Kelly and provided her with false information as to the status and operation ongoing at Defendant's home in order to obtain a warrant; Defendant Craig did not inform the Magistrate that he was aware of the

ongoing litigation and relationship between Point of View Farms, Inc. and its President, Joel Rosenthal and the Plaintiff;

18. On that same date, despite having been served and thus obviously aware, Defendant Craig, personally and in his capacity as an agent of the DNR, failed to inform the Magistrate of the fact that he and his partner, Benson, were being sued for trespass and other matters by the Plaintiff in this very suit;

19. On the same date, Defendants served Plaintiff with the warrant and Defendant Craig entered Plaintiff's home and took possession of the bear cub for which she had been ticketed and, more importantly, her I-phone XR;

20. Upon return of the I-phone XR, the Department of Natural Resources and/or their agent, had completely "wiped" all information from the phone; and sim card was missing from the phone.

21. This information included emails, text messages, instant messages, pictures, videos, business records and all other types of electronic media naturally and normally stored on a computer-like device during the course of business;

22. Most importantly, there were recorded conversations between the Defendants and the Plaintiff wherein they admitted they knew of her relationship with Point of View Farm, her position with Point of View Farm and her right to continue operating as a business entity on that property until a civil matter was resolved and until she left the property.

23. There were also recordings from security cameras evidencing the search that was made by the Defendants on or about August 22, 2019;

24. Furthermore, there were emails and text messages evidencing the Defendants' knowledge of the Plaintiff's rights to operate the animal sanctuary, either under her own entity or more importantly, as the Executive Director/Vice-President of Point of View Farm, Inc.;

25. Officer Craig took Ms. Bradshaw's phone to a facility in WV to a government facility were the phone was hooked up to a computer; software was ran on the cell phone. Officer Craig or the WVDNR never obtained a separate warrant to search this smart phone.

### COUNT III - ENTRAPMENT

26. Officer Jeff Craig and Captain Benson told Ms. Bradshaw as long as she was on the property owned by Mr. Rosenthal they would do **NOTHING.** Then after the fact have charged Ms. Bradshaw with 10 counts of 20-2-4 ( illegal passion of wildlife) and 2 counts of passion of a black bear.

### COUNT IV – THIFT AND VIOLATION OF FIRST AMENDMENT RIGHTS

27. ON June 18, 2021 twenty plus employees along with Officer Jeff Craig and Captain Benson came with a warrant they got from the same magistrate from the previous warrant.

28. Once entering the property they entered the house where they turned off the internet box leaving no one with access to the outside world and forced everyone on to the porch. They searched the house and made Shane Shilling unload a gun in the closet. The officer with him tried to get Mr. Shilling to open a gun safe.

5

29. Two DNR officers keep Ms. Bradshaw captive on the front porch and they would not allow anyone back in the house.

30. As they kept Ms. Bradshaw captive on the porch they turned all the security cameras toward the ground and stole the memory cards (SD cards).

31. The WVDNR proceeded to take possession of Ms. Bradshaw's animals that where in her care.

32. Shane Shilling was told he was not allowed to get his phone to record.

33. Captain Benson took a phone out of Blake Bradshaw's hands stopped the recording, made him delete the video and forced him to come to the porch.

34. The WVDNR took Ms. Bradshaw's medication and an incubator worth five hundred dollars was told it would be returned and it has not happened.

35. The WVDNR has Ms. Bradshaw blocked from there official Facebook page hindering her from practicing her first amendment right to free speech. Thus hindering her from telling people what they are doing to her, her family, and the animals.

36 Kelly Morgan of Bailey and Wyant PLLC sent Ms. Bradshaw a letter instructing her to be silent about matters pertaining to her involvement in this case. Bailey & Wyant is a law firm contracted by a government agency to defend the DNR and the two officers involved.

## COUNT V-NEGLIGENT INFLICITON OF EMOTIONAL DISTRESS

37. Plaintiff hereby realleges Paragraphs 1 through 36 as though fully set forth herein;

38. Despite their knowledge of her right to operate under the Omnibus Agreement, and running a business under **article 20-2C-1 Governors authority to execute** and in retribution for her filing of a suit, Defendants returned to the Magistrate Court on November 14, 2019 and issued a Criminal Complaint in Criminal Action No. 19-M38M-00612 charging the Plaintiff with Illegal Possession of a Black Bear out of hunting season in violation of WV Code §20-2-22a.

38. After receiving a negative ruling in her civil matter with Joel Rosenthal the WVDNR knowing Ms. Bradshaw was following the law again obtained a warrant from Magistrate Kelly who had already been informed about the lawsuit filed against Officer Craig and Captain Benson Ms. Bradshaw this time was charged with 12 counts of 20-2-4.

39. The Defendants' continual and repeated harassment of Plaintiff have caused her to suffer from emotional distress and PTSD.

40. The Defendants' actions have caused Plaintiff to have to put up a security gate, install additional security cameras, and live in fear anytime she leaves the property that Department of Natural Resources will illegally enter her property and remove the animals that are in her care legally operating under the Omnibus Settlement Agreement and now under her duly licensed business in the State of West Virginia;

41. The Plaintiff has lost sleep, lost weight, and continues to suffer from anxiety anytime a truck or four-wheel drive vehicle comes up the road that could be or appears to be or sounds like a Department of Natural Resources vehicle; The WVDNR forced her children to watch as they carried out euthanized or sedated animals on June,18th 2021.

## COUNT VI-DESTRUCTION OF PROPERTY

42. Plaintiff hereby realleges Paragraphs 1 through 41 as though fully set forth herein;

43. The Department of Natural Resources, or its agents, removed and/or destroyed all electronic data, including, but not limited to, e-mails, Instant messages, text messages, facebook pages, donor records, and other items both personal, business or otherwise from Plaintiff's I-phone XR;

44. These records are not only exculpatory for the Plaintiff in her criminal matter but incriminating for the Defendants in this matter; and the civil matter that involves another business and their home. She lost recording that where imperative to her civil case and now has lost that case due to lack of evidence.

45. The loss of her contacts has gravely affected her ability to operate her business in that she has lost donor and other support contacts critical for the care and feeding of the animals;

46. The loss of the electronic data has also affected her ability to prosecute and defend the Civil Matter pertaining to her relationship with Point of View Farm, Inc. and Joel Rosenthal. This has caused a negative ruling from the court in this matter thus causing more damage to Ms. Bradshaw's business and life.

47. The loss of this data occurred when Officer Craig drove it to a facility where it was hooked up to a computer and searched without a warrant.

48. on June 18th the WVDNR took 90 animals, caging, my SD cards from my cameras, and one incubator worth five hundred dollars.

## COUNT VII – MALICIOUS PROSECUTION

49. Plaintiff hereby realleges Paragraphs 1-48 as though full set forth herein;

50. Defendants swore out a Criminal Complaint in the Magistrate Court of Pocahontas County, West Virginia despite their knowledge that Plaintiff was operating under the Omnibus Settlement Agreement entered into by the Defendant, DNR and Point of View Farms, Inc , after telling Ms. Bradshaw they would not do so, and knowing she was operating under **Article 20-2c-1** with her own authority from the state.

51. Defendants have continued to prosecute this matter despite their knowledge in retribution for this lawsuit;

52. Defendants have done this maliciously to harm the Plaintiff's ability to continue to operate her business and to punish her for suing them for violating her Fourth and first Amendment Rights. I believe to also further the interest of Mr. Rosenthal.

53. Ms. Bradshaw is operating under the law but was charged with 12 more counts of 20-2-4 Illegal passion of wildlife.

### COUNT VIII HINDERING LIBERTYS AND FREEDOMS

54. Officer Craig, Captain Benson and the WVDNR have hindered the rights of Ms. Bradshaw, Blake Bradshaw, and Shane Shilling liberty, freedom of choice in keeping with Creator- endowed natural rights.

55. The continued harassment, theft, retaliation, and over reach is causing harm to Ms. Bradshaw's life work, doing financial damage to her business and causing severe mental anguish to her family.

55. The WVDNR has Ms. Bradshaw in a catch 22. They claim it is illegal for her to possess wildlife but under state law **Article 61-8-19 Cruelty to Animals; penalties; exclusions** It would be a crime to allow an animal to suffer. Benson and Craig also didn't want Ms. Bradshaw to hand the animals over to Mr. Rosenthal. They claim he is the only legal outlet for wildlife rehab and never gave her another option. All the while knowing she had her own authority from the state to operate. These officers and even the law firm Bailey and Waynt had knowledge of the previous three cases

**1. State of West Virginia V Joel Rosenthal Pocahontas county 07-M-AP-02**

**2. State Ex Rel. Walter W Welford, prosecuting Attorney, Pocahontas County, West Virginia V The Honorable Joseph C Pomponio Jr. circuit Judge of the 11th Judicial Circuit Supreme court of Appeals No. 33531;**

**3. Rosenthal V Jezioro No 2:08-cv-81.**

When Honorable Circuit Court Judge Pomponio ruled that **The Defendant's business license and the issued Certificate of Authority provided him with the requisite and necessary authority to be considered a " duly authorized agent" to whom Chapter 20, Article 2, Section 4 of West Virginia Code is explicitly held inapplicable.** The Judge became the final policy changer. Since 2007 the WVDNR have not set out to change chapter 20, Article 2, Section 4 after this ruling they having had 14 year to do so. All the officers have had plenty of time to learn the laws and abide by them. Honorable Judge Pomponio explains to the DNR in this ruling what the law means. This should have been a part of all and

future training for law enforcement after this ruling. This meaning should not just apply to one Man or Woman as in this case. If a judges ruling on what the law means doesn't hold meaning for all we are in big trouble. By coming up with this an Omnibus Settlement Agreement with Mr. Rosenthal I believe it was a back door way to hider/ violate the ruling Judge Pomponio handed down in 2007 in Pocahontas county. This sets a dangerous precedent for all future case in all areas of the law. I believe this was a way to justify future prosecutions and think they didn't have to follow the law as it is written. They are now using this document to obtain warrants against us.

WHEREFORE, Plaintiff, Terri Bradshaw, Blake Bradshaw, Shane Shilling prays they will be awarded judgment for consequential and punitive damages against the Defendants for trespass; destruction of property, spoliation of evidence; negligent infliction of emotional distress; destruction of property and malicious prosecution; violation of their constitutional rights she be awarded her attorney's fees and costs; and, such other relief as to this Court may seem meet, just and proper. The parties are asking for the court to strip away the qualified immunity held by these officers and all employees of the WVDNR named in this complaint. Thus the eponymous *"Monell claim"* The plaintiff's in this case have had their first and fourth amendment rights violated.

*[Signatures: Shane Shilling, Blake Bradshaw]*

**Terri Bradshaw Pro Se**
**565 Cox Fork rd.**
**Gandeeville, WV 25243**
**304-951-4447**