IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**TERRI BRADSHAW,**
**BLAKE BRADSHAW,**
**SHANE SHILLING, and**
**SWVWL, Inc.**

      **Plaintiffs,**

v.                                                  Civil Action No. 2:21-CV-21
                                                                      (JUDGE KLEEH)

**WEST VIRGINIA DEPARTMENT OF**
**NATURAL RESOURCES,**
**SERGEANT JEFF CRAIG, and**
**CAPTAIN DOUGLAS BENSON,**

      **Defendants.**

## REPORT AND RECOMMENDATION
## RECOMMENDING DISMISAL WITHOUT PREDJUDICE

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). District courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). Accordingly, the undersigned U.S. Magistrate Judge respectfully submits the following Report and Recommendation to the Honorable District Court Judge Thomas S. Kleeh.

Because this Court lacks subject matter jurisdiction, the undersigned **RECOMMENDS** that Plaintiffs' Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** by the District Court. Further, because of the Court's lack of jurisdiction, the undersigned **RECOMMENDS** the Court **DENY AS MOOT** Plaintiffs' Emergency Petition for Writ of Mandamus or Injunctive Relief. [ECF No. 3].

I.     PROCEDURAL HISTORY

On August 16, 2021, *pro se* Plaintiffs Terri Bradshaw, Blake Bradshaw, Shane Shilling, and SWVWL, Inc.[1, 2] filed a Complaint against the West Virginia Department of Natural Resources, Sergeant Jeff Craig, Captain Douglas Benson, and Kelly Morgan, Esq. [ECF No. 1]. On the same day, the Clerk of Court sent Plaintiffs a Notice of General Guidelines for Appearing Pro Se in Federal Court. [ECF No. 4], and the civil filing fee was paid, [ECF No. 2].

An Amended Complaint was filed on September 2, 2021 which removed Kelly Morgan, Esq. as a Defendant. [ECF No. 7].

In the Amended Complaint, Plaintiffs explain that Plaintiffs Terri D. Bradshaw, Blake Bradshaw, and Shane Shilling "were . . . residents of Pocahontas County[,] . . . West Virginia . . . at all relevant times hereto. [ECF No. 7 at 1]. Plaintiffs further explain that the West Virginia Department of Natural Resources ("WVDNR") is a West Virginia state entity, Sergeant Jeff Craig ("Craig") is an agent of WVDNR, citizen and resident of West Virginia, and Captain Douglas Benson ("Benson") is also an agent of WVDNR as well as a citizen and resident of West Virginia. [ECF No. 7 at 1-2]. Plaintiffs state "[j]urisdiction is appropriate because the amount in controversy

---

[1] The undersigned would note that "SWVWL INC." – d/b/a Saving WV Wildlife – is an active corporation, Organization No. 490954, recognized by the West Virginia Secretary of State. The sole officer listed is President Terri Bradshaw.

[2] Should the Court choose not to adopt this Report and Recommendation, it should be noted that SWVWL, Inc. must find counsel to represent it in this federal action forthwith. It is well-settled law that a corporation must be represented by an attorney in federal court. Susko v. Cox Enterprises, Inc., No. CIV.A. 5:07CV144, 2008 WL 4279669, at *1 (N.D.W. Va. Sept. 16, 2008) (Stamp, J.) (exploring following jurisprudence of the representation of corporations). *See also* Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 609 (11th Cir.1984), *cert. denied*, 471 U.S. 1056 (1985); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir .1983); Richdel, Inc. v. Sunspool Corp., 699 F.2d 1366, 1366 (Fed .Cir.1983). It has also been determined that a corporation cannot represent itself by or through its officers. Acme Poultry Corp. v. United States, 146 F.2d 738, 740 (4th Cir.1994); *see also e.g.* James v. Daley & Lewis, 406 F.Supp. 645, 648 (D.Del.1976) ("[I]t is equally well settled that ... a corporation may not appear and represent itself ... by its president or officers but only by an attorney admitted to practice law."); In re Webster, 22 B.R. 11, 12 (Bankr.D.Vt.1982) ("[A] corporation may not appear in such Courts through an officer unless he is licensed to practice law.").

exceeds the jurisdictional minimums of this Court and the **issues are questions of State law**[.]" [ECF No. 7 at 2 (emphasis added)].

Plaintiffs proceed to allege eight causes of action: (1) Trespass, (2) Spoliation of Evidence, (3) Entrapment, (4) Theft and Violation of First Amendment Rights, (5) Negligent Infliction of Emotional Distress, (6) Destruction of Property, (7) Malicious Prosecution, and (8) Hindering Liberties and Freedoms.

## II. FACTUAL ALLEGATIONS

Plaintiffs allege the following facts in their amended complaint:

On or about August 22, 2019, Benson and Craig entered the property upon which Plaintiffs' home and business are located, waited for Plaintiffs to leave, and proceeded to search the property. Benson and Craig did so, as they admitted to Ms. Bradshaw, in order to keep animals out of the hands of Joel Rosenthal and Point of View Farms despite being aware of the 2008 Omnibus Settlement Agreement previously entered into by WVDNR, Joel Rosenthal, and Point of View Farms.

Next, November 6, 2019, Plaintiffs served Defendants with a complaint which requested damages for Defendants unlawful trespass and search of Plaintiffs' property.

On or about November 12, 2019, Craig presented to Magistrate Cynthia Kelley false and/or inaccurate information in order to obtain a search warrant. Defendant Craig alleged excluded information regarding the above-mentioned civil suit for the unlawful trespass. The warrant was issued, and on the same date, Craig and Benson executed the search warrant and seized possession of both a bear cub and an i-Phone XR. While the i-Phone XR was in possession of WVDNR, all information was "wiped" from the phone and the phone was returned with the memory card missing. The i-Phone had contained information favorable to Plaintiffs, including security camera

3

footage evidencing the Defendants' August 22, 2019 search, recorded conversation between Plaintiffs and Defendants, and emails and text messages between Defendants and Plaintiffs. Plaintiffs also allege that a separate warrant to perform a search the i-Phone was never obtained.

On November 14, 2019, Defendant returned to Magistrate Court and a Criminal Complaint was issued, Criminal Action No. 19-M38M-00612, charging Plaintiff Terri Bradshaw, Executive Director/Vice President of Point of View Farm, Inc., with Illegal Possession of a Black Bear in violation of W. Va. Code § 20-2-22a. Plaintiff Terri Bradshaw was later charged with twelve more counts of illegal possession of wildlife in violation of W. Va. Code § 20-2-4.

On June 18, 2021, Craig and Benson along with over twenty other WVDNR employees entered Plaintiff's property to execute another warrant issued by Magistrate Kelley. Plaintiffs allege *inter alia* that officers turned off the internet, held Ms. Bradshaw and others "captive" on the front porch, turned all security cameras towards the ground, stole SD memory cards, and told Shane Shilling and Blake Bradshaw they were not allowed to record the interaction. Plaintiffs allege WVDNR officers proceeded to seize and take possession of Plaintiffs' ninety (90) animals, Ms. Bradshaw's medication, and an incubator worth five hundred (500) dollars.

Plaintiffs also allege Ms. Bradshaw has been blocked from the official WVDNR Facebook page, and this violates her First Amendment rights. Further, Plaintiffs allege Kelly Morgan, Esq. sent Ms. Bradshaw a letter instructing her to be silent about matters pertaining to her case. [ECF No. 7 at 6].

### III. RELIEF REQUESTED

Plaintiffs are seeking monetary "consequential and punitive damages[,]" attorney's fees and costs, and other such relief as this Court may deem just and proper. Plaintiffs ask the Court to "strip away the qualified immunity held by these officers and all employees of WVDNR named in

this complaint." [ECF No. 7 at 11]. Plaintiffs make a passing citation to the applicability of a Monell claim as Plaintffs allege to have had their First and Fourth Amendment Rights violated. [Id.].

Plaintiffs also filed an Emergency Petition for Writ of Mandamus or Injunctive Relief. [ECF No. 3]. Plaintiffs request an Order prohibiting WVDNR, Craig, Benson, or anyone acting on their behalf from entering onto Plaintiffs' property or contacting Plaintiffs in any manner. Alternatively, Plaintiffs request an Order prohibiting Defendants "from destroying any more evidence or violating Plaintiff[s] Constitutional Rights." [ECF No. 3 at 5, n.1].

## IV. LEGAL STANDARDS

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir.1999) (citing McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir.2008) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir.2010); accord Hertz, 130 S.Ct. at 1194; McBurney v. Cuccinelli, 616 F.3d 393, 408 (4th Cir.2010).

Although it is well-established that a *pro se* litigant is entitled to a liberal construction of his pleadings, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the principles requiring liberal construction of *pro se* pleadings are not without limits. Gordon v. Leeks, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction does not require courts to construct arguments or theories for a

*pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party. Id. Therefore, because the Court cannot act as an advocate for the plaintiff, his claims can only be considered under the legal bases expressly set forth by him in this case. Jurisdiction may not be sustained on a theory that the plaintiff has not advanced. See Healy v. Sea Gull Specialty Co., 237 U.S. 479, 480, 35 S.Ct. 658, 659, 59 L.Ed. 1056 (1915) ("[T]he plaintiff is absolute master of what jurisdiction he will appeal to").

Generally, only two types of cases can be heard in federal court: cases involving diversity of citizenship of the parties and cases involving a federal question. "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746, reh'g denied, 140 S. Ct. 17 (2019)(citing Exxon Mobil Corp., 125 S.Ct. 2611).

Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Federal question jurisdiction applies when the plaintiff's *civil action* arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "[a] suit arises under the law that creates the cause of action." Atl. Richfield Co. v. Christian, 140 S. Ct. 1335, 1350 (2020) (quoting American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)).

A suit may be dismissed for lack of jurisdiction in the federal district court "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made

solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." McCartney v. State of W.Va., 156 F.2d 739, 742 (4th Cir. 1946) (quoting Bell v. Hood, 66 S.Ct. 773, 774 (1946)).

## V. ANALYSIS

Here, Plaintiffs allege "jurisdiction is appropriate because the amount in controversy exceeds the jurisdictional minimum and the issues are questions of State law". [ECF No. 1 at 2]. However, Plaintiffs fail to advance a theory of subject matter jurisdiction based on diversity of citizenship of the parties or federal question. Therefore, the undersigned finds that there is no subject matter jurisdiction for this Court to hear Plaintiffs' case. Despite Plaintiffs' Amended Complaint filed on September 2, 2021 [ECF No. 7], the undersigned still finds that there is no subject matter jurisdiction because the jurisdictional statement remained unchanged.[3]

1. *Diversity of Citizenship*

First, while Plaintiffs allege that the jurisdiction is appropriate because of the amount in controversy, the Plaintiffs did not advance the diversity of citizenships of the parties as is also required under 28 U.S.C. § 1332(a)(1). Because the Plaintiffs concede that all the named parties are West Virginia citizens, complete diversity of citizenship of the parties is not satisfied. [ECF No. 1 at 1-2]. Accordingly, the undersigned finds there is no diversity jurisdiction as to allow this Court to hear Plaintiffs' claims.

2. *Federal Question*

Secondly, the Plaintiffs allege jurisdiction is appropriate because "**the issues are questions of State law**[.]" [ECF No. 7 at 2 (emphasis added)]. However, under 28 U.S.C. § 1331, a civil

---

[3] The undersigned would note the jurisdictional statements are identical. *Compare* ECF No. 1 at 2, Paragraph 6 *and* ECF No. 7 at 2, Paragraph 6 ("Jurisdiction is appropriate because the amount in controversy exceeds the jurisdictional minimums of this Court and the issues are questions of State law[.]")

action must arise "under the Constitution, laws, or treaties of the United States" for federal question jurisdiction to apply. While the Plaintiffs allege violations of First and Fourth Amendment rights under Counts IV and VII, Plaintiffs did not advance such a theory of constitutional violations as the basis for federal question jurisdiction and thus jurisdiction may not be sustained. [ECF No. 1 at 5-6, 8]; See Healy, 237 U.S. 479.

Moreover, the undersigned, having reviewed Plaintiffs' Amended Complaint, finds that a central issue raised is whether WVDNR, by and through its actors Benson and Craig, violated a 2008 Omnibus Settlement Agreement previously entered by the Circuit Court of Pocahontas County. Generally, federal intervention into state court matters is strongly discouraged. *See generally* Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923) "[U]nder the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify [a state court] judgment for errors of [Constitutional] character."); District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); and Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")).

Consequentially, where the issues raised are "questions of State law," particularly questions related to the actions of West Virginia state actors and prior orders issued by the Circuit Court of Pocahontas County, West Virginia, the undersigned **FINDS** there is no federal question jurisdiction as to allow this Court to hear Plaintiffs' claims.

## II. CONCLUSION

For the above reasons, the undersigned respectfully **RECOMMENDS** that Plaintiffs'

Complaint be **DISMISSED without prejudice** for lack of subject matter jurisdiction. Further, because of the Court's lack of jurisdiction, the undersigned **RECOMMENDS** the Court **DENY AS MOOT** Plaintiffs' Emergency Petition for Writ of Mandamus or Injunctive Relief. [ECF No. 3].

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh United States District Judge.

**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to transmit copies of this Report and Recommendation to the Plaintiffs by certified mail, return receipt requested, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

It is so **RECOMMENDED AND ORDERED.**

**Respectfully submitted this September 9, 2021.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE