IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**TERRI BRADSHAW,**
**BLAKE BRADSHAW,**
**SHANE SHILLING, and**
**SWVWL, Inc.**

      **Plaintiffs,**

v.                                          Civil Action No. 2:21-CV-21
                                                  (JUDGE KLEEH)

**WEST VIRGINIA DEPARTMENT OF**
**NATURAL RESOURCES,**
**SERGEANT JEFF CRAIG, and**
**CAPTAIN DOUGLAS BENSON,**

      **Defendants.**

## SUPPLEMENTAL REPORT AND RECOMMENDATION RECOMMENDING DEFENDANTS' MOTION TO DISMISS [ECF NO. 16] BE GRANTED

This matter comes before the Court pursuant to an Order, [ECF No. 19], entered by District Court Judge Thomas S. Kleeh on September 16, 2021, referring the Motion to Dismiss, [ECF No. 16], filed by Defendants West Virginia Department of Natural Resources, Sergeant Jeff Craig, and Captain Douglas Benson to the undersigned in order to conduct a hearing, if necessary, and issue any written orders or supplemental report and recommendations.

Upon consideration, for the forgoing reasons, the undersigned **RECOMMENDS** that Defendants' Motion to Dismiss, [ECF No. 16], be **GRANTED** and Plaintiffs' Amended Complaint, [ECF No. 7], be **DISMISSED WITHOUT PREJUDICE** by the District Court. The undersigned further **RECOMMENDS** the Court **DENY AS MOOT** Plaintiffs' Emergency Petition for Writ of Mandamus or Injunctive Relief. [ECF No. 3].

1

## I. PROCEDURAL AND FACTUAL HISTORY

*1. Complaint and Emergency Petition for Writ of Mandamus or Injunctive Relief*

On August 16, 2021, *pro se* Plaintiffs Terri Bradshaw, Blake Bradshaw, Shane Shilling, and SWVWL, Inc.[1, 2] filed a Complaint against the West Virginia Department of Natural Resources, Sergeant Jeff Craig, Captain Douglas Benson, and Kelly Morgan, Esq. [ECF No. 1]. On the same day, the Clerk of Court sent Plaintiffs a Notice of General Guidelines for Appearing Pro Se in Federal Court. [ECF No. 4], and the civil filing fee was paid, [ECF No. 2].

An Amended Complaint was filed on September 2, 2021 which removed Kelly Morgan, Esq. as a Defendant. [ECF No. 7].

In the Amended Complaint, Plaintiffs explain that Plaintiffs Terri D. Bradshaw, Blake Bradshaw, and Shane Shilling "were . . . residents of Pocahontas County[,] . . . West Virginia . . . at all relevant times hereto." [ECF No. 7 at 1]. Plaintiffs further explain that the West Virginia Department of Natural Resources ("WVDNR") is a West Virginia state entity, Sergeant Jeff Craig ("Craig") is an agent of WVDNR, citizen and resident of West Virginia, and Captain Douglas Benson ("Benson") is also an agent of WVDNR as well as a citizen and resident of West Virginia.

---

[1] The undersigned would note that "SWVWL INC." – d/b/a Saving WV Wildlife – is an active corporation, Organization No. 490954, recognized by the West Virginia Secretary of State. The sole officer listed is President Terri Bradshaw.

[2] Should this case proceed, it should be noted that SWVWL, Inc. must find counsel to represent it in this federal action forthwith. It is well-settled law that a corporation must be represented by an attorney in federal court. Susko v. Cox Enterprises, Inc., No. CIV.A. 5:07CV144, 2008 WL 4279669, at *1 (N.D.W. Va. Sept. 16, 2008) (Stamp, J.) (exploring following jurisprudence of the representation of corporations). *See also* Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 609 (11th Cir.1984), *cert. denied*, 471 U.S. 1056 (1985); Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir .1983); Richdel, Inc. v. Sunspool Corp., 699 F.2d 1366, 1366 (Fed .Cir.1983). It has also been determined that a corporation cannot represent itself by or through its officers. Acme Poultry Corp. v. United States, 146 F.2d 738, 740 (4th Cir.1994); *see also e.g.* James v. Daley & Lewis, 406 F.Supp. 645, 648 (D.Del.1976) ("[I]t is equally well settled that ... a corporation may not appear and represent itself ... by its president or officers but only by an attorney admitted to practice law."); In re Webster, 22 B.R. 11, 12 (Bankr.D.Vt.1982) ("[A] corporation may not appear in such Courts through an officer unless he is licensed to practice law.").

[ECF No. 7 at 1-2]. Plaintiffs state "[j]urisdiction is appropriate because the amount in controversy exceeds the jurisdictional minimums of this Court and the **issues are questions of State law**[.]" [ECF No. 7 at 2 (emphasis added)].[3]

Plaintiffs proceed to allege eight causes of action: (1) Trespass, (2) Spoliation of Evidence, (3) Entrapment, (4) Theft and Violation of First Amendment Rights, (5) Negligent Infliction of Emotional Distress, (6) Destruction of Property, (7) Malicious Prosecution, and (8) Hindering Liberties and Freedoms.

Plaintiffs allege *inter alia* in their Amended Complaint that: Defendants Benson and Craig entered and search Plaintiffs' property, despite being aware of the 2008 Omnibus Settlement Agreement previously entered into by WVDNR, Joel Rosenthal, and Point of View Farms; Defendant Craig presented to Magistrate Cynthia Kelley false and/or inaccurate information in order to obtain a search warrant; Defendants Craig and Benson gained possession of Plaintiff Bradshaw's i-Phone XR and "wiped" all information from the phone, including information favorable to Plaintiffs; Plaintiff Terri Bradshaw was charged with illegal possession of a black bear and twelve more counts of illegal possession of wildlife in violation of W. Va. Code § 20-2-22a and 20-2-4; when Defendants Craig and Benson along with over twenty other WVDNR employees entered Plaintiffs' property to execute a subsequent search warrant, officers turned off the internet, held occupants captive on the front porch, turned all security cameras towards the ground, stole SD memory cards, and told Shane Shilling and Blake Bradshaw they were not allowed to record the interaction; WVDNR officers seized and took possession of Plaintiffs' ninety animals, Plaintiff Bradshaw's medication, and an incubator worth five hundred dollars; Defendants

---

[3] The undersigned would note the jurisdictional statements in the initial Complaint and the Amended Complaint are identical. *Compare* ECF No. 1 at 2, Paragraph 6 *and* ECF No. 7 at 2, Paragraph 6 ("Jurisdiction is appropriate because the amount in controversy exceeds the jurisdictional minimums of this Court and the issues are questions of State law[.]")

blocked Plaintiff Terri Bradshaw from the official WVDNR Facebook page, and Defendants, by counsel, Kelly Morgan, Esq. sent Plaintiff Terri Bradshaw a letter instructing her to be silent about matters pertaining to her case. [*See* ECF No. 7; *see also* ECF No 12 at 3-4].

Plaintiffs are seeking monetary "consequential and punitive damages[,]" attorney's fees and costs, and other such relief as this Court may deem just and proper. Plaintiffs ask the Court to "strip away the qualified immunity held by these officers and all employees of WVDNR named in this complaint." [ECF No. 7 at 11]. Plaintiffs make a passing reference to the applicability of a Monell claim as Plaintiffs allege to have had their First and Fourth Amendment Rights violated. Id.

Plaintiffs also filed an Emergency Petition for Writ of Mandamus or Injunctive Relief. [ECF No. 3]. Plaintiffs request an Order prohibiting WVDNR, Craig, Benson, or anyone acting on their behalf from entering onto Plaintiffs' property or contacting Plaintiffs in any manner. Alternatively, Plaintiffs request an order prohibiting Defendants "from destroying any more evidence or violating Plaintiff[s] Constitutional Rights." [ECF No. 3 at 5, n.1].

    2. *Defendants' Response to Motion for Writ of Mandamus*

On September 2, 2021, Defendants, WVDNR, Craig, and Benson, filed a Response in Opposition to Plaintiffs' Emergency Petition for Writ of Mandamus or Injunctive Relief [ECF No. 8]. Defendants contend that this Court should deny the Emergency Petition for the four following reasons: (1) This Court does not have jurisdiction to issue a writ of mandamus to compel the West Virginia Department of Natural Resources under 28 U.S.C. §1651; (2) Plaintiffs have another adequate remedy at law for the alleged harm; (3) Plaintiffs' Emergency Petition fails to meet the standard for injunctive relief; and (4) Plaintiffs' Emergency Petition fails to establish a basis for emergency relief requiring immediate intervention from this Court.

First, Defendants assert federal courts do not have jurisdiction to issue a writ of mandamus to compel action by State officials or employees and federal courts not have jurisdiction to issue a writ of mandamus where subject matter jurisdiction is not established. Because Defendants Craig and Benson are state officials and WVDNR is a state agency and because subject matter jurisdiction is not established, Defendants contend that this Court does not have jurisdiction to issue a writ of mandamus.

Second, Defendants contend that Plaintiffs have another adequate remedy at law for the alleged harm – a civil action for damages. Defendants note that as the designated agency and policy maker for the "exploration, conservation, development, protection, enjoyment and use of the natural resources of the State of West Virginia", the Legislature gives the WVDNR authority to enforce the "regulati[on of] the taking, hunting, using, and disposing of the wildlife." [*W.Va. Code* §20-3-3]. [ECF No. 8 at 7]. Defendants assert that the Plaintiffs are requesting this Court to "outright nullify [statutory] law enforcement functions based only upon disputed allegations, speculations, and rhetoric." [Id. at 8]. Defendants argue Plaintiffs fail to demonstrate a basis for this Court to enter an order allowing Plaintiffs to possess wildlife without law enforcement intervention, and therefore, Plaintiffs' Emergency Petition should be denied.

Third, Defendants contend that Plaintiffs' Emergency Petition fails to meet the standard for injunctive relief because Plaintiffs have not shown that they are likely to succeed on the merits, that they will likely suffer irreparable harm if injunctive relief is not granted, that the balance of equity moves in their favor, nor that the injunctive relief is in the public interest. Accordingly, Defendants argue because Plaintiffs failed to meet the necessary standard, the Plaintiffs' request for injunctive relief should be denied.

Fourth, Defendants contend Plaintiffs' Emergency Petition fails to present an emergency

requiring emergency intervention from this Court. Because Defendants seized the wildlife in possession of Plaintiffs lawfully, Plaintiffs fail to demonstrate that there is an emergency requiring this Court to take immediate action and grant the Plaintiffs' request for relief.

### 3. *Report and Recommendation Recommending Dismissal Without Prejudice*

Because district courts "have an independent obligation to determine whether subject-matter jurisdiction exists," Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010), the undersigned previously considered the matter of jurisdiction, and on September 9, 2021, entered a Report and Recommendation finding that this Court lacks subject matter jurisdiction over this matter and recommending that Plaintiffs' Amended Complaint be dismissed without prejudice. [ECF No. 12]. Accordingly, the undersigned further recommended that the Plaintiffs' Emergency Petition for Writ of Mandamus or Injunctive Relief be denied as moot. [Id.].

### 4. *Reply to Response to Motion for Writ of Mandamus*

On September 9, 2021, Plaintiffs Terri Bradshaw, Blake Bradshaw, Shane Shilling, and SWVWL, Inc. filed a Reply to Defendants' Response to Plaintiffs' Motion for Writ of Mandamus. [ECF No. 11]. Plaintiffs allege that the Defendants Benson and Craig were aware of Plantiffs' other wildlife animals prior to requesting a search warrant, but Defendants Benson and Craig did not take the wildlife animals until the request was granted. Further, Plaintiffs allege that their family business lost over $20,000 that was spent on caring for the wildlife animals that the Defendants allegedly confiscated and euthanized. Lastly, Plaintiffs allege that the WVNDR had "stolen, trespassed, [and] deleted evidence that caused [Plaintiff] irritable harm[.]" [ECF No. 11 at 8]. Plaintiffs believes that, in addition to obtaining a state license, they have "federal authority to operate a public charity with the IRS" and that by the taking of their wildlife animals, depriving them of property, Defendants have violated their constitutional rights. [Id.]

*5. Defendants' Motion to Dismiss*

On September 14, 2021, Defendants WVDNR, Craig and Benson filed a Motion to Dismiss Plaintiffs' Amended Complaint. [ECF No. 16]. Defendants request that this Court enter an order dismissing the action with prejudice and award such other relief deemed just and proper because (1) this Court lacks subject matter jurisdiction; (2) Defendants WVDNR, Craig, and Benson are immune from suit under the Eleventh Amendment to the Constitution of the United States; and (3) Plaintiffs are statutorily barred from recovering punitive damages against Defendants WVDNR, Craig and Benson.

First, Defendants WVDNR, Craig and Benson argue Plaintiffs fail to advance a theory of subject matter jurisdiction based on diversity of citizenship of the parties or federal question. Second, Defendants contend that, under the Eleventh Amendment, they are immune from suits filed in federal court by individuals. Further, no exceptions to Eleventh Amendment immunity apply. Third, Defendants contend that Plaintiffs are barred by West Virginia statute to recover punitive damages against a government agency, of which all Defendants fall under.

*6. Plaintiffs' Objections and Response to Report and Recommendation*

On September 20, 2021, Plaintiffs timely filed a Response objecting to the Report and Recommendation previously filed. [ECF No. 21]. Plaintiffs objected to the Report and Recommendation based on "financial reasons" and a "time limit" – citing to the costs invested in initiating in this action in federal court and the fact that the "first infraction . . . by officers" occurred in August 2019. [Id. at 1]. Plaintiffs further object, stating that "[i]f this case is dismissed it may harm me as part of the ruling in circuit court I would then have to appeal to the Supreme court of appeals [sic] and costing more time and money." [Id.] Plaintiffs additionally request the opportunity to amend their Amended Complaint. [ECF No. 21 at 2]. Plaintiffs "believe if the court

would allow us to amend we could remove parties to satisfy the needs to make us able to continue on and give this court jurisdiction. If this court will allow the amendment[,] we would also ask the court to allow us two [sic] add two more DNR employees and give us 65 days to do this." [Id. at 3].

### 7. Defendants' Motion for Costs

On September 22, 2021, Defendants filed a Motion for Costs[4] requesting the costs associated with a previously dismissed civil action in State Court Civil Action No. 19-C-38, in the Circuit Court of Pocahontas County, West Virginia. [ECF No. 23].

Defendants allege that Plaintiff Terri Bradshaw engaged in prohibited forum shopping insofar as on July 13, 2021 Plaintiff Bradshaw requested voluntarily dismissal of the state court action, without prejudice, for the purpose of filing a civil action in federal court asserting the same allegations and claims. Defendants argued in state court that if Plaintiff Bradshaw "commenced another civil action based upon or including the same claims against them then she may be ordered to pay the costs of the previously dismissed State Court Action. [ECF No. 23-3 at 2-3, State Court Action Defendants' Response to Plaintiff's Motion to Dismiss]. Defendants note that the instant federal action was initiated on August 16, 2021, [ECF No. 1], and, at Plaintiff Bradshaw's unequivocal request, on August 25, 2021, the State Court entered a Dismissal Order dismissing the state court action, with prejudice. [ECF No. 23 at 3; ECF No. 23-4, State Court Action Dismissal Order].

Because the instant action is based upon and duplicative of the same allegation and claims against the Defendants as those previously dismissed in the state court action, Defendants are

---

[4] The undersigned would note the Defendants' Motion for Costs has not been referred for his consideration. No part of this Report and Recommendation opines on the merits or proper disposition of this motion. However, this summary is included for completeness of the record and for the Court's consideration.

requesting an Order from this Court directing Plaintiff Terri Bradshaw to pay their costs of the state court action in the amount of $818.28.

    8. *Plaintiffs' Supplemental Response*

On October 7, 2021, Plaintiffs filed a Response to Roseboro Notice, [ECF No. 25], wherein Plaintiffs filed with the Court one disk including photographic and video exhibits as well as paper exhibits. [ECF No. 25 at 5-9].

## IV. LEGAL STANDARDS

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction "challenges a court's authority to hear the matter brought by a complaint." Akers v. v. Md. State Educ. Ass'n, 376 F.Supp.3d 563, 569 (D. Md. 2019) (citing FED. R. CIV. P. 12(b)(1)). Under Rule 12(b)(1), "the plaintiff bears the burden of proving, by a preponderance of the evidence, the existence of subject matter jurisdiction." Id. (citing Demetres v. E. W. Const., Inc., 776 F.3d 271, 272 (4th Cir. 2015); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999)).

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir.1999) (citing McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." United States v. Poole, 531 F.3d 263, 274 (4th Cir.2008) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Again, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir.2010); *accord* Hertz, 130 S.Ct. at 1194; McBurney v. Cuccinelli, 616 F.3d 393, 408 (4th Cir.2010).

Although it is well-established that a *pro se* litigant is entitled to a liberal construction of his pleadings, Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); and Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978), the principles requiring liberal construction of *pro se* pleadings are not without limits. Gordon v. Leeks, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party. Id. Therefore, because the Court cannot act as an advocate for the plaintiff, his claims can only be considered under the legal bases expressly set forth by him in this case. Jurisdiction may not be sustained on a theory that the plaintiff has not advanced. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)(A court should not "conjure up questions never squarely presented."); Healy v. Sea Gull Specialty Co., 237 U.S. 479, 480 (1915) ("[T]he plaintiff is absolute master of what jurisdiction he will appeal to").

Generally, only two types of cases can be heard in federal court: cases involving diversity of citizenship of the parties and cases involving a federal question. "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States. Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746, *reh'g denied*, 140 S. Ct. 17 (2019)(citing Exxon Mobil Corp., 125 S.Ct. 2611).

Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

10

Federal question jurisdiction applies when the plaintiff's *civil action* arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "[a] suit arises under the law that creates the cause of action." Atl. Richfield Co. v. Christian, 140 S. Ct. 1335, 1350 (2020) (quoting American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)).

A suit may be dismissed for lack of jurisdiction in the federal district court "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." McCartney v. State of W.Va., 156 F.2d 739, 742 (4th Cir. 1946) (quoting Bell v. Hood, 66 S.Ct. 773, 774 (1946)).

When the Court is without subject matter jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).

## V. ANALYSIS

1. *Lack of Subject Matter Jurisdiction*

Here, Plaintiffs allege "jurisdiction is appropriate because the amount in controversy exceeds the jurisdictional minimum and the issues are questions of State law[.]"[5] [ECF No. 7 at 2]. In support of their Motion to Dismiss, Defendants contend that Plaintiffs' Amended Complaint "avers that all Plaintiffs and Defendants are citizens of West Virginia[,]" and thus, "complete diversity jurisdiction does not exist in this case." [ECF No. 17 at 8]. Defendants further contend Plaintiffs fail to plead allegations arising under federal question jurisdiction. [Id. at 7]. As set forth below, because Plaintiffs have failed to prove the existence of subject matter jurisdiction by a

---

[5] The undersigned again would note the jurisdictional statements in the initial Complaint and the Amended Complaint are identical. *See* supra I.1. at n.3.

preponderance of the evidence, the undersigned **RECOMMENDS** that the Court dismiss this cause of action.

    a. <u>Diversity of Citizenship</u>

First, while Plaintiffs allege that jurisdiction is appropriate because the amount in controversy exceeds the jurisdictional minimum, Plaintiffs did not advance the diversity of citizenships of the parties as is also required under 28 U.S.C. § 1332(a)(1). In fact, as noted by the Defendant, [ECF No. 17 at 8], Plaintiffs concede in their Amended Complaint that all the named parties in this cause of action are West Virginia citizens. [*See* ECF No. 7 at 1-2]. Because there is not complete diversity of citizenship among the parties, the undersigned finds there is no diversity jurisdiction as to allow this Court to hear Plaintiffs' claims.

    b. <u>Federal Question</u>

Secondly, Plaintiffs allege jurisdiction is appropriate because "**the issues are questions of State law**[.]" [ECF No. 7 at 2 (emphasis added)]. However, under 28 U.S.C. § 1331, a civil action must arise "under the Constitution, laws, or treaties of the United States" for federal question jurisdiction to apply. While the Plaintiffs allege violations of First and Fourth Amendment rights under Counts IV and VII, Plaintiffs did not advance such a theory of constitutional violations as the basis for federal question jurisdiction and, thus, jurisdiction may not be sustained. [ECF No. 1 at 5-6, 8]; *See* <u>Healy</u>, 237 U.S. 479.

Moreover, the undersigned, having reviewed Plaintiffs' Amended Complaint, finds that a central issue raised is whether WVDNR, by and through its actors Benson and Craig, violated a 2008 Omnibus Settlement Agreement previously entered by the Circuit Court of Pocahontas County. Generally, federal intervention into state court matters is strongly discouraged. *See generally* <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923)

"[U]nder the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify [a state court] judgment for errors of [Constitutional] character."); District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); and Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")).

Likewise, while not squarely presented here,[6] it should also be noted that Fourth Circuit precedent advises that this Court should be wary of exercising jurisdiction where forum shopping may have occurred. *See* Great Am. Ins. Co. v. Gross, 468 F.3d 199, 212 (4th Cir.2006)(Procedural fencing occurs where "a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum[.]"); *See also* Learning Network, Inc. v. Discovery Commc'ns, Inc., 11 F. App'x 297, 301 (4th Cir. 2001)(anticipatory suits disfavored)("[I]t has long been established that courts look with disfavor upon races to the courthouse and forum shopping. Such procedural fencing is a factor that counsels against exercising jurisdiction over a declaratory judgment action."); Myles Lumber Co. v. CNA Financial Corp., 233 F.3d 821, 824 (4th Cir.2000); Centennial Life Ins. v. Poston, 88 F.3d 255, 257 (4th Cir.1996); Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 377 (4th Cir.1994); Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 324 (4th Cir.1937).

Consequentially, where the issues raised are admittedly "questions of State law," particularly claims related to the actions of West Virginia state actors and prior orders issued by

---

[6] *See* supra I.7. n.4 (Motion for Costs not opined upon herein), *but see* ECF No. 23, Defendants' Motion for Costs ("Defendants argued that Plaintiff Teri Bradshaw was engaging in prohibited forum shopping because she was requesting that the State Court Action be dismissed, without prejudice, for the purpose of filing a civil action in federal court asserting the same allegations against them.").

13

the Circuit Court of Pocahontas County, West Virginia, the undersigned **FINDS** there is no federal question jurisdiction as to allow this Court to hear Plaintiffs' claims.

    c. Emergency Petition for Writ of Mandamus or Injunctive Relief

Plaintiffs filed an Emergency Petition for Writ of Mandamus or Injunctive Relief alongside their initial Complaint on August 16, 2021. [ECF No. 3]. Defendants argue in response that, first and foremost, this Court lacks jurisdiction to issue such a writ or order against the Defendants. For completeness, the undersigned shall also consider the Court's authority to handle the Emergency Petition.

A power of federal courts to issue a writ of mandamus derives from the All Writs Act, 28 U.S.C. § 1651. The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.§ 1651(a). In other words, the issuance of a writ of mandamus is limited to cases where a federal court in acting in aid of its own jurisdiction, where jurisdiction can be established. *See e.g.* Gurley v. Superior Ct. of Mecklenburg Cty., 411 F.2d 586, 587 (4th Cir. 1969) ("This court has no original jurisdiction in the matter now presented and in no sense sits as an appellate tribunal for any state court. In the instant case there has been no exercise of jurisdiction, there is no existing jurisdiction which has not been exercised, and there is no prospective appellate jurisdiction which needs to be protected. . . . Since this court is wholly without jurisdiction in the premises the petition must be dismissed.").

Further, federal courts only have mandamus jurisdiction over federal officials. In re Carr, 803 F.2d 1180 (4th Cir. 1986)(unpublished opinion)(citing Haggard v. Tennessee, 421 F.2d 1384 (6th Cir.1970)). *See also* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any

agency thereof to perform a duty owed to the plaintiff."). *See e.g.* Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee of a state to perform a duty owed to the petitioner); In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (same; collecting cases); In Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988), the court held that "[t]he federal courts have no general power to compel action by state officials[.]" *See also* Craigo v. Hey, 624 F.Supp. 414 (S.D.W. Va. 1985); Ferris v. Gomez, No. 5:19CV179, 2020 WL 560597, at *2 (N.D.W. Va. Jan. 14, 2020), *report and recommendation adopted*, No. 5:19-CV-179, 2020 WL 560576 (N.D.W. Va. Feb. 4, 2020).

Here, as this Court is without a basis for subject matter jurisdiction, this Court lacks jurisdiction to issue such a writ or order against the Defendants. "[T]he only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012-16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999). *See also* Corson v. Sec'y of Veterans Affs., No. CIV.A. 1:09CV49, 2010 WL 532382, at *13 (N.D.W. Va. Feb. 8, 2010)(Keeley J.)(adopting report and recommendation denying Motion for Preliminary Injunctive Relief as moot where subject matter jurisdiction not established); Noe v. W. Virginia, No. 3:10-CV-36, 2010 WL 3075196, at *5 (N.D.W. Va. Aug. 4, 2010)(Bailey, J.)(dismissing motion for injunctive relief where subject matter jurisdiction not established). As such, the undersigned **RECOMMENDS** that Plaintiffs' Emergency Petition for Writ of Mandamus or Injunctive Relief, wherein Plaintiffs request a writ, injunctive relief, or any other action by this Court, be **DENIED AS MOOT**.

2. *Eleventh Amendment Immunity*

Because Defendant WVNDR is a West Virginia state agency and Defendants Craig and Benson are state officials who serve as agents of the WVNDR, the undersigned **FINDS** the Eleventh Amendment precludes Plaintiffs' suit against Defendants.

The Eleventh Amendment to the United State Constitution provides for state sovereign immunity:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI, § 1. *See also* Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 54, (1996) ("[F]ederal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'")(internal citations omitted).

The Supreme Court of the United States has emphasized "the importance of resolving immunity questions at the earliest possible stage in litigation ...." Hunter v. Bryant, 502 U.S. 224, 227 (1991). "Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Occupy Columbia v. Haley, 738 F.3d 107, 116 (4th Cir. 2013) (quoting Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir.2011). Eleventh Amendment immunity is a defense with "attributes of both subject-matter jurisdiction and personal jurisdiction." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th 2005). Thus, an Eleventh Amendment defense may be addressed pursuant to a motion to dismiss for lack of subject matter under Rule 12(b)(1) or pursuant to a motion to dismiss under 12(b)(6).

Sarkissian v. W. Virginia Univ. Bd. of Governors, No. CIV.A. 1:05CV144, 2007 WL 1308978, at *3 (N.D.W. Va. May 3, 2007)

The Eleventh Amendment to the United States Constitution generally bars individuals from filing suit against a State "unless the State has waived its immunity, . . . or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989)(internal citations omitted). The United States Supreme Court has "made clear" that "Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity[.]" Will, 491 U.S. at 66 (citing Quern v. Jordan, 440 U.S. 332 (1979)). Sarkissian v. W. Virginia Univ. Bd. of Governors, No. CIV.A. 1:05CV144, 2007 WL 1308978, at *4 (N.D.W. Va. May 3, 2007)("It is well established that Congress did not abrogate the Eleventh Amendment immunity of states when it enacted 42 U.S.C. § 1983.").

Here, Defendants WVNDR, Craig and Benson are State actors: WVNDR is a state agency and Defendants Craig and Benson are public officials within the WVNDR. Defendants argue, and the undersigned agrees, that Plaintiffs are, therefore, barred from filing suit against the Defendants. Further, the exceptions to Eleventh Amendment immunity do not apply because Defendants have not waived immunity from suit in Federal Court nor has Congress exercised its power by way of statute to override Eleventh Amendment immunity. Because the Defendants are unconsenting state actors who do not fall within an exception to Eleventh Amendment immunity, the undersigned **FINDS** Defendants are immune from suit under the Eleventh Amendment and **RECOMMENDS** the Motion to Dismiss be **GRANTED**.

3. *Recovery of Punitive Damages*

In their Motion to Dismiss, Defendants put forth that Plaintiffs are precluded from recovering punitive damages from the WVDNR Defendants. [ECF No. 17 at 11-13].

Under West Virginia Code, "[n]o government agency may be ordered to pay punitive damages in any action." W. Va. Code §55-17-4(3). A "government agency" is defined as a "constitutional officer or other public official named as a defendant or respondent in his or her official capacity…" W. Va. Code §55-17-2(2). Because Defendant WVDNR is a state agency and Defendants Craig and Benson are public officials named as defendant in their official capacity, Plaintiffs' request for punitive damages should be dismissed as a matter of law. The undersigned **FINDS** Plaintiffs are statutorily barred from seeking punitive damages from a government agency as to allow this Court to grant Plaintiffs' request for punitive damages.

## II.    CONCLUSION

For the above reasons, namely this Court's lack of subject matter jurisdiction and the Defendants' Eleventh Amendment immunity, the undersigned respectfully **RECOMMENDS** that Defendants' Motion to Dismiss, [ECF No. 16], be **GRANTED** and Plaintiffs' Amended Complaint, [ECF No. 7], be **DISMISSED WITHOUT PREJUDICE**. Further, because of this Court's lack of jurisdiction, the undersigned **RECOMMENDS** the Court **DENY AS MOOT** Plaintiffs' Emergency Petition for Writ of Mandamus or Injunctive Relief. [ECF No. 3].

Any party may within **fourteen (14) days** after being served with a copy of this Report and Recommendation file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**  A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh United States District Judge.

**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.** 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91

18


(4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to transmit copies of this Report and Recommendation to the Plaintiffs by certified mail, return receipt requested, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

It is so **RECOMMENDED AND ORDERED.**

**Respectfully submitted this October 19, 2021.**

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE