IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRI BRADSHAW,
BLAKE BRADSHAW,
SHANE SHILLING, and
SWVWL Inc.,

    Plaintiffs,

  v.                                             CIVIL NO. 2:21-CV-21
                                                   (KLEEH)

THE WEST VIRGINIA DEPARTMENT
OF NATURAL RESOURCES, SERGEANT
JEFF CRAIG, and CAPTAIN DOUGLAS
BENSON,

    Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 12] AND DISMISSING ACTION WITHOUT PREJUDICE**

On September 2, 2021, the pro se Plaintiffs, Terri Bradshaw, Blake Bradshaw, Shane Shilling, and SWVWL Inc. ("Plaintiffs"), filed an Amended Complaint against the Defendants, the West Virginia Department of Natural Resources ("WVNDR"), Sergeant Jeff Craig, and Captain Douglas Benson (together, "Defendants"). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for initial review. On September 9, 2021, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Court dismiss the action without prejudice for lack of subject matter jurisdiction.

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 12] AND DISMISSING ACTION WITHOUT PREJUDICE**

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." It further warned them that the "[f]ailure to timely file objections . . . will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation." Plaintiffs accepted service of the R&R on September 10, 2021. They filed a "Response to Recommendations" on September 20, 2021, which the Court construes as objections.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 12] AND DISMISSING ACTION WITHOUT PREJUDICE**

is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D.W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. N.Y. State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

The Court finds that Plaintiffs' objections are general and conclusory and warrant only clear error review. Plaintiffs do not contest the Magistrate Judge's finding that subject matter jurisdiction does not exist. Nor do they contest any factual findings. Rather, they argue that they should be granted leave to amend the complaint again to "remove parties to satisfy the needs to make [them] able to continue on and give this court jurisdiction." They also express interest in adding more WVDNR employees as defendants without explaining how doing so would create jurisdiction.

Even under the liberal pleading standards afforded to pro se plaintiffs, the Court finds that granting leave to amend for this reason would be futile. As the Magistrate Judge discussed in the R&R, all plaintiffs and all defendants are residents of West Virginia. Thus, diversity jurisdiction does not exist. Removing one or more of the defendants would not resolve this issue.

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 12] AND
DISMISSING ACTION WITHOUT PREJUDICE**

Further, no federal question is raised in the Amended Complaint.

The Court has reviewed the R&R for clear error. Upon careful review, and finding no clear error, the Court **ADOPTS** the R&R [ECF No. 12]. This action is hereby **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the Court's active docket. The Clerk is **DIRECTED** to **TERMINATE** all other pending motions and recommendations [ECF Nos. 3, 16, 23, 26].

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record via email and the pro se Plaintiffs via certified mail, return receipts requested.

DATED: August 10, 2022

_Tom S Kleeh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA